TRINA A. HIGGINS, United States Attorney (#7349)
CARL D. LESUEUR, Assistant United States Attorney (#16087)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682
Email: carl.lesueur@usdoj.gov

FILED US District Court-UT
MAY 25 '22 PM 01:24

**SEALED**

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>PRINCESS EZIYI and<br>CLINTON CHUKWUDI UCHENDU,<br><br>Defendants. | Case No: 2:22-CR-00160 JNP<br><br>**SUPERSEDING INDICTMENT**<br><br>Count I: 18 U.S.C. § 1956(h) (conspiracy to commit money laundering),<br><br>Count II: 18 U.S.C. § 1341 and § 2 (mail fraud and aiding and abetting) |
|---|---|

The Grand Jury Charges:

### GENERAL ALLEGATIONS

1.  Beginning on a date unknown to the Grand Jury, but believed to be no later than February 28, 2018, and continuing to a date unknown to the Grand Jury, but believed to be no earlier than December 8, 2019, Defendants herein,

**PRINCESS EZIYI** and
**CLINTON CHUKWUDI UCHENDU,**

agreed with others whose identities are known to the grand jury and others who are not, to facilitate fraud and money laundering by opening bank accounts at U.S. financial institutions in their true names as well as fictitious aliases. The accounts were to be used

to help advance frauds—primarily romance scams—by presenting victims a false impression about where and to whom the funds were being sent.

## OBJECT

2.     The purpose of the conspiracy was to obtain money through romance scams and other internet and email enabled scams by receiving, laundering, and otherwise transmitting the criminal proceeds of those scams in exchange for a fee. The conspiracy helped obscure the origin and destination of the funds from the victims and the banks involved in the transactions.

3.     The purpose of romance scams is to convince multiple elderly females, many of whom are widows, to send thousands of dollars to designated persons and accounts under fraudulent pretenses.

4.     Beginning on a date unknown to the Grand Jury, but believed to be no later than February 28, 2018, and continuing to a date unknown to the Grand Jury, but believed to be no earlier than December 8, 2019, Defendants herein,

**PRINCESS EZIYI and
CLINTON CHUKWUDI UCHENDU,**

knowingly conspired and agreed with others in the District of Utah and elsewhere with identities known and unknown to:

   a. conduct and attempt to conduct, financial transactions affecting interstate and foreign commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, which in fact involved the proceeds of specified unlawful activity – namely,

2

mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and bank fraud, in violation of 18 U.S.C. § 1344 – and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds in violation of 18 U.S.C. § 1956(a)(1)(B)(i);

b. transport, transmit, and transfer, and attempt to transport, transmit, and transfer, funds from a place in the United States to a place outside the United States, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity – namely, mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and bank fraud, in violation of 18 U.S.C. § 1344 – and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds, in violation of 18 U.S.C. § 1956(a)(2)(B)(i); and

c. engage and attempt to engage in monetary transactions involving criminally derived property of a value greater than $10,000 affecting interstate and foreign commerce, which was derived from specified unlawful activity – namely, mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and bank fraud, in violation of 18 U.S.C. § 1344 – and knowing that the funds represented the proceeds of some form of unlawful activity, in violation of 18 U.S.C. § 1957.

## MANNER AND MEANS

5.  The objects of the conspiracy were to be accomplished as follows:

6.  Social manipulators (referred to as "Yahoo Boys") set up fake profiles online. They use the profiles to develop online relationships with victims (whom they refer to as "clients"). They rely on their contacts in the United States ("Pickers") – or on coordinators who have contacts in the United States – to provide accounts to collect funds from the victims or to add layers to conceal the source and destination of the funds. They tell the Pickers or coordinators the amount they anticipate receiving from the victim to ensure the Picker provides accounts that will not raise red flags for receiving that amount.

7.  It was part of the conspiracy that PRINCESS EZIYI and CLINTON CHUKWUDI UCHENDU, Defendants herein, would act in the role of "Pickers" with U.S. based accounts to receive and deposit funds from victims. PRINCESS EZIYI and CLINTON CHUKWUDI UCHENDU would provide their addresses and bank account information to their coconspirators for purposes of receiving and depositing victim funds.

8.  This first layer of U.S. based accounts is essential to the completion of the fraud. It operates to conceal the true destination of the funds from both the romance scam victims and their transmitting banks. The romance scammers (the Yahoo boys and Pickers) understand that banks will flag for further review wires to certain foreign destinations, such as Nigeria, that are associated with a high volume of significant fraud activity. This first layer helps obscure that destination.

9.  The insertion of a layer of accounts in the United States also means that the financial institutions involved in the next layers of transactions will be contacting

coconspirators, rather than victims, to verify their purpose and intent in wiring funds to Nigeria.

10. Another important element of the scheme is to move the victim's funds through layers of accounts quickly in order to secure the funds before the victim or bank detect the fraud and attempt to recall the funds.

11. It is also a part of the conspiracy that, from the first layer accounts, the participants (including Defendants PRINCESS EZIYI and CLINTON CHUKWUDI UCHENDU) then move the money through additional intermediary layers in order to make it more difficult to trace the funds from their origin to destination and vice versa. Sometimes they simply use an intermediary person's U.S. and/or Nigerian bank account. Other times, they use auto sales or other asset transactions. Sometimes, they perform a trade arranged through a broker, sending the fraud proceeds to a Nigerian national's U.S. accounts in exchange for that person sending funds from their Nigerian accounts to the Picker's Nigerian accounts. The scam also sometimes uses other sophisticated means, such as creation of fictitious businesses or entities to open accounts. These accounts can be used for further obscure the identities of participants, facilitate defrauding the victims, and create cover for a larger volume of high dollar transactions.

12. In the District of Utah and elsewhere, the Defendants and their coconspirators took substantial steps in furtherance of this conspiracy and to accomplish its objects, as follows.

13. PRINCESS EZIYI introduced CLINTON CHUKWUDI UCHENDU to an individual referred to here as Coconspirator-1 so PRINCESS EZIYI and CLINTON

CHUKWUDI UCHENDU could be paid to help Coconspirator-1 move proceeds of scams.

14. C.S., a seventy-five-year-old widow, was contacted through online social media by an individual using the Facebook profile "**Aaron.Brain**." "Brain" claimed to be a businessman from Germany working on a construction project in Turkey. "Brain" provided photos of himself and his business. He claimed he was involved in a business venture supplying pipe for a sewer in Turkey. "Brain" provided photographs of industrial pipes in a warehouse. He told C.S. she could make $600,000 in his business venture. He convinced her to send ten checks totaling $275,000 and five wire transfers totaling $81,000, all between April 2, 2018 and May 17, 2018. She sent the checks and wired the money according to instructions she was provided by "Aaron Brain." This includes checks mailed to addresses in the District of Utah and wired to bank accounts in the District of Utah.

15. On May 7, 2018, Coconspirator-1 sent CLINTON CHUKWUDI UCHENDU a photograph showing seven checks in the amount of $25,000 signed by C.S., with the payee line blank. The checks included checks numbered 9205, 9206, 9208, 9209, 9211, 9212, and 9213.

16. Coconspirator-1 mailed at least three of C.S.'s checks from Utah to CLINTON CHUKWUDI UCHENDU and PRINCESS EZIYI in Georgia. UCHENDU and EZIYI then deposited and moved the funds in furtherance of the conspiracy. From on or about May 8, 2018, to on or about May 23, 2018, they engaged in further transactions with these funds, including multiple transactions exceeding $10,000.

17. The conspiracy involved receipt of more than $600,000 from more than 50 victims in the United States and around the world.

## COUNT I
## 18 U.S.C. § 1956(h)
## (Conspiracy to Launder Monetary Instruments)

18. Paragraphs 1 through 17 are incorporated and realleged as fully set forth herein.

19. Beginning on a date unknown to the Grand Jury, but believed to be no later than February 28, 2018, and continuing to a date unknown to the Grand Jury, but believed to be no earlier than December 8, 2019, in the District of Utah and elsewhere,

**PRINCESS EZIYI** and
**CLINTON CHUKWUDI UCHENDU,**

Defendants herein, did knowingly combine, conspire, and agree with other persons with identities known and unknown to commit offenses against the United States in violation of 18 U.S.C. § 1957, to wit:

    i.    conduct and attempt to conduct, financial transactions affecting interstate and foreign commerce, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, which in fact involved the proceeds of specified unlawful activity – namely, mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and bank fraud, in violation of 18 U.S.C. § 1344 – and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the

7

|      |                                                                                                                                                                                                                                                                                                                                                                                                              |
|------|--------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|      | proceeds in violation of 18 U.S.C. § 1956(a)(1)(B)(i);                                                                                                                                                                                                                                                                                                                                                        |
| ii.  | transport, transmit, and transfer, and attempt to transport, transmit, and transfer, funds from a place in the United States to a place outside the United States, knowing that the property involved in the financial transactions represented the proceeds of some form of unlawful activity, and which property was, in fact, the proceeds of specified unlawful activity – namely, mail fraud in violation of 18 U.S.C. § 1341, wire fraud in violation of 18 U.S.C. § 1343, and bank fraud, in violation of 18 U.S.C. § 1344 – and knowing that the transactions were designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds, in violation of 18 U.S.C. § 1956(a)(2)(B)(i); and |
| iii. | to knowingly engage and attempt to engage in monetary transactions by, through or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is the fraudulently obtained proceeds of online scams as identified in paragraphs 7 through 18 below, such property having been derived from a specified unlawful activity, that is, mail and wire fraud in violation of 18 U.S.C. §§ 1341 and 1343, in violation of 18 U.S.C. § 1957; |

all in violation of 18 U.S.C. § 1956(h).

//

//

//

## COUNT II
## 18 U.S.C. § 1341
### (Mail Fraud)

20. Paragraphs 1 through 17 are incorporated as though fully repeated and realleged herein.

21. On or about a date unknown to the Grand Jury, but believed to be on or about May 8, 2018, in the District of Utah and elsewhere,

### PRINCESS EZIYI and
### CLINTON CHUKWUDI UCHENDU,

Defendants herein, with the intent to defraud, knowingly devised and willfully participated in the scheme and artifice to defraud that is described above to obtain money by materially false and fraudulent pretenses, representations, and promises and did aid and abet that scheme.

//

//

//

//

//

22. On or about May 8, 2018, in the District of Utah and elsewhere, for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud and deprive, Defendants and their coconspirators knowingly caused to be delivered by mail, and received from the mail a parcel containing checks from victim C.S, all in violation of 18 U.S.C. §§ 1341 and 2.

A TRUE BILL:

/s/
FOREPERSON OF GRAND JURY

TRINA A. HIGGINS
United States Attorney

for CARL D. LESUEUR
Assistant United States Attorney